Grafton
No. 6964

DONALD W. HAWTHORNE

v.

DRESDEN SCHOOL DISTRICT

August 15, 1974

*Baker & Page* and *Lawrence A. Kelly*, by brief, for the plaintiff.

*Stebbins & Bradley* (*Mr. David H. Bradley* orally) for the defendant.

GRIFFITH, J. The sole issue to be determined in this case arising from a petition for declaratory judgment and injunction is whether RSA ch. 43 hearing disqualification standards apply to school boards at tenured teacher nonrenomination hearings conducted pursuant to RSA 189:14-a. The Trial Court (*Mullavey*, J.) reserved and transferred the foregoing question without ruling. This case was argued together with *Farrelly v. Timberlane Regional School District* (decided today), which involved the same issue raised here. Counsel for the plaintiff deferred to Attorney Middleton whose oral argument in the *Farrelly* case supports plaintiff's position here.

Plaintiff, Donald W. Hawthorne, is a certified industrial arts and social studies teacher who has been employed by defendant, The Dresden School District, since September 1964. The Dresden Board of School Directors voted to eliminate plaintiff's position as audio-visual director of the Hanover Junior-Senior High School and the 1974-75 approved school budget provides no funds for that position. Since there were no other available positions in plaintiff's department, Raymond G. Edwards, superintendent of the Dresden School District, sent him written notification on March 1, 1974, in compliance with RSA 189:14-a, that he had not been renominated for the coming school year. After receiving the superintendent's letter on March 4, 1974, plaintiff seasonably notified defendant that he intended to exercise his right as a tenured teacher to a hearing before the school board under RSA 189:14-a. Plaintiff was duly notified that a hearing had been scheduled for April 5, 1974.

On March 27, 1974, plaintiff wrote defendant advising it that those members of the school board who had participated in the decision to eliminate his position were disqualified under the provisions of RSA 43:5 and 6 from acting as decisionmakers at the nonrenomination hearing. RSA 43:6 provides in pertinent part: "No selectman or other officer

shall act, in the decision of any such case, who would be disqualified to sit as a juror . . . in the trial of a civil action in which any of the parties interested in such case was a party." Defendant expressed the opinion that RSA ch. 43 does not govern RSA 189:14-a hearings and refused to agree to plaintiff's request to continue the April 5, 1974 hearing until the issue of the applicability of RSA 43:6 could be determined. Before transferring the case to this court the trial court enjoined defendant from holding the scheduled hearing until the issue could be determined.

Based on our decision today in *Farrelly v. Timberlane Regional School District*, we hold that RSA ch. 43 does not govern RSA 189:14-a hearings and therefore that statute provides no basis for disqualification of those members of the school board who participated in the decision to eliminate plaintiff's teaching position.

*Petition dismissed.*

GRIMES, J., did not sit; the others concurred.